UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24868-ELFENBEIN

**PLITEQ, INC.**, *et al.*,

    Plaintiffs,

v.

**MAGED MOSTAFA**,

    Defendant.
_____/

## ORDER AWARDING RULE 37 SANCTIONS

**THIS CAUSE** is before the Court on Plaintiffs Pliteq, Inc. and Pliteq Building Materials, LLC's Oral Motion for Sanctions Under Federal Rule of Civil Procedure 37 (the "Motion"). *See* ECF No. [167]. In the Motion, which Plaintiffs made during a December 9, 2024 discovery hearing (the "Hearing"), *see* ECF No. [151]; ECF No. [164], Plaintiffs asked the Court to order Defendant to pay their fees and costs related to their Notice of Hearing, ECF No. [153]; the Hearing, ECF No. [151]; ECF No. [164]; and their Oral Motions to Compel Better Answers to Interrogatories, ECF No. [165], and Requests for Production, ECF No. [166]. *See* ECF No. [164]; ECF No. [167].

In a post-Hearing Order, the Court granted the Motion. *See* ECF No. [168] at 6–9. As explained in that Order, an award of attorney's fees under Rule 37 was warranted because the Court either granted Plaintiffs' Oral Motions to Compel or denied them as moot because Defendant inappropriately objected to discovery requests for which he had no responsive information or documents, *see* ECF No. [168] at 6–9; Fed. R. Civ. P. 37(a)(5)(A), a tactic specifically prohibited by the Court's Discovery Order because it is confusing for the opposing party and wasteful of

judicial resources, *see* ECF No. [31] at 6.  In addition, none of the three exceptions to Rule 37, which would preclude an award of fees, applied. *See* ECF No. [168] at 6–9; Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

To allow the Court to calculate the appropriate award amount, it ordered Plaintiffs' counsel, Kevin Kaplan, to "file an affidavit detailing the number of hours expended in preparing the filings related to the Hearing, preparing for the Hearing itself, traveling to and from the Hearing, and attending the Hearing," along with counsel's "hourly rate." *See* ECF No. [168] at 9.  Plaintiffs' counsel has since filed that affidavit.  *See* ECF No. [170]; ECF [170-1].

I.      **LEGAL STANDARDS**

To calculate attorney's fee awards, courts generally use the "lodestar" method.[1]  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Inj. Treatment Ctr.*, 2022 WL 17325834, at *2.  "The most useful starting point for determining the amount of a reasonable fee" using the lodestar method "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (noting that the lodestar is "properly calculated by multiplying the number of hours

---

[1] The Eleventh Circuit has never held that the lodestar method is required when calculating attorney's fees awarded under Rule 37, but in an unpublished opinion it has approved of using the lodestar method in this context. *See Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 349–50 (11th Cir. 2009) (affirming an award of attorney's fees under Rule 37 and noting the district court had not "abused its discretion in calculating and adhering to the lodestar"). *But see Nat'l Union Fire Ins. Co. v. Olympia Holding Corp.*, 140 F. App'x 860, 864 n.1 (11th Cir. 2005) (noting that "civil contempt sanctions do not require the use of the lodestar method"). Courts in this District have likewise applied the lodestar method in this context. *See, e.g., Inj. Treatment Ctr. of Fort Myers, Inc. v. Starr Indem. & Liab. Co.*, No. 21-CV-80156, 2022 WL 17325834, at *2 (S.D. Fla. Nov. 4, 2022); *Nelson v. BP Expl. & Prod. Inc.*, No. 18-CV-62537, 2019 WL 2864768, at *1–2 (S.D. Fla. July 2, 2019); *Le Roux v. Monte Cassino*, No. 18-62131-CIV, 2019 WL 2256592, at *1–2 (S.D. Fla. Mar. 4, 2019). *But see Carro v. Integrated Tech, Grp., LLC*, No. 14-CV-23788-PAS, 2016 WL 6534456, at *2 (S.D. Fla. Feb. 26, 2016) (finding "it is not necessary to engage in a lodestar analysis" in a Rule 37 case).

reasonably expended on the litigation times a reasonable hourly rate" (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984))). "[T]here is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986)).

"The first step in the computation of the lodestar is determining the reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (quoting *Norman*, 836 F.2d at 1299). "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Barnes*, 168 F.3d at 437. "The party seeking attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which requires "more than the affidavit of the attorney performing the work." *Loranger*, 10 F.3d at 781 (citation and quotation marks omitted). Of course, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."[2] *Id.* (quotation marks omitted).

To aid in determining what reasonable hourly rate applies in each case, the Eleventh Circuit has approved of courts considering "the twelve factors discussed in *Johnson v. Georgia Highway*

---

[2] Indeed, where "there is a lack of documentation or testimonial support the court may make the award on its own experience. Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. Likewise, no additional evidentiary hearing or pleadings are required where fee counsel fails to provide evidence on some factor which it contends the court ought to take into account. It is perfectly proper to award attorney's fees based solely on affidavits in the record." *Norman*, 836 F.2d at 1303 (footnote and citations omitted).

*Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *Id.* at 781 n.6; *see also Norman*, 836 F.2d at 1299. "The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3.

"The next step in the computation of the lodestar is the ascertainment of reasonable hours." *Norman*, 836 F.2d at 1301. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. "In other words, the Supreme Court requires fee applicants to exercise 'billing judgment.'" *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 437). "This must necessarily mean that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel. If it were otherwise, an inexperienced or unskillful attorney would face a double penalty. First, his hourly rate would be lowered and second, his time reduced." *Id.* (emphasis and citation omitted).

The "district court is charged with deducting for redundant hours. Redundant hours generally occur where more than one attorney represents a client. There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* at 1301–02. The "district court must deduct time spent on discrete and

4

unsuccessful claims." *Id.* at 1302. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350; *see also Hensley*, 461 U.S. at 436–37 ("There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.").

As noted above, the "product" of the reasonable hourly rate and the number of hours reasonably expended on the litigation "is the lodestar." *See Bivins*, 548 F.3d at 1350. After determining the lodestar amount, courts can "adjust the fee upward or downward, including [by considering] the important factor of the results obtained." *Hensley*, 461 U.S. at 434 (quotation marks omitted). "If the result was excellent, then the court should compensate for all hours reasonably expended." *Norman*, 836 F.2d at 1302. "If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.*; *see also Bivins*, 548 F.3d at 1350–51 ("When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts."). "A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Norman*, 836 F.2d at 1302. "Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. It is improper to make the reduction based on a simple ratio of successful issues to issues raised." *Id.* (citation omitted).

"[T]he determination of fees should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quotation marks omitted). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into

5

account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* Whatever the court decides, it must "provide a concise but clear explanation of its reasons for the fee award. When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 437.

## II. DISCUSSION

As noted above, Plaintiffs' counsel, Kevin Kaplan ("Kaplan"), filed an affidavit detailing his hourly rate, the hourly rate of his law partner Jared Whaley ("Whaley"), and the number of hours he and Whaley spent on the relevant discovery disputes. *See* ECF No. [170]; ECF [170-1]. In his affidavit, Kaplan avers that his billable rate is $895 per hour and Whaley's billable rate is $595 per hour. *See* ECF No. [170] at 2. The affidavit also includes details about the backgrounds, credentials, and experience of Kaplan and Whaley. *See* ECF No. [170] at 1–2.

Specifically, the affidavit notes that Kaplan is "lead counsel for Plaintiffs" and President of his law firm. *See* ECF No. [170] at 1. It explains that he graduated from Duke University School of Law in 1989, is a member of the California and Florida Bars, and has practiced continuously in Florida since 1992. *See* ECF No. [170] at 1. It notes that Kaplan's "primary practice area is commercial litigation" and that he has "extensive experience practicing before State and Federal courts." *See* ECF No. [170] at 1.

As for Whaley, the affidavit notes that he graduated from George Washington University School of Law in 2009; is a member of the Florida, New Jersey, and District of Columbia Bars; and has practiced continuously in Florida since 2013. *See* ECF No. [170] at 1–2. It also notes that

his "primary practice area is commercial litigation, and he has extensive experience in both State and Federal courts." *See* ECF No. [170] at 2.

The affidavit does not contain details about any other attorneys in the relevant legal community (which in this case is South Florida) with skills, experience, and reputations reasonably comparable to Kaplan or Whaley. *See* ECF No. [170] at 2. But it does state, without explanation, that their law firm considers Kaplan's and Whaley's "rates to be reasonable and to reflect market rates compared to other lawyers with similar practices and levels of experience practicing in this jurisdiction." *See* ECF No. [170] at 2.

Finally, Kaplan avers that he billed 9.1 hours and Whaley billed 6.3 hours "relating to the Hearing." *See* ECF No. [170] at 2. As support for those billed hours, Kaplan attaches to his affidavit his law firm's time records, which break down the time into smaller units and describe what activities took place during each time entry. *See* ECF No. [170-1] at 2. The affidavit notes that "the total legal fees incurred by Plaintiffs for the services described" are "$11,893.00, which Plaintiffs have paid or are obligated to pay in full." *See* ECF No. [170] at 3.

Although this Circuit's precedent does not require it, the Court will use the lodestar method to calculate the amount of attorney's fees appropriate here, as most courts in this District do. The lodestar is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *See Barnes*, 168 F.3d at 427. Starting with the reasonable hourly rate, the Court must determine what the prevailing market rate in South Florida is for similar services by lawyers of skills, experience, and reputation reasonably comparable to those of Plaintiffs' counsel. *See Loranger*, 10 F.3d at 781; *Barnes*, 168 F.3d at 437. To do that, the Court may use its own knowledge and experience and may consider the twelve *Johnson* factors. *See*

*Loranger*, 10 F.3d at 781; *Norman*, 836 F.2d at 1299.  Ultimately, however, it is Plaintiffs' burden to prove the requested rate is in line with prevailing market rates. *See Loranger*, 10 F.3d at 781.

Plaintiffs seek attorney's fees for time billed by Kaplan at a rate of $895 per hour and time billed by Whaley at a rate of $595 per hour.  *See* ECF No. [170] at 2.  Having considered the information contained in the affidavit and the *Johnson* factors — particularly awards in similar cases, *see Hensley*, 461 U.S. at 430 n.3 — and in view of the Court's own knowledge and experience as a practitioner in this District for almost twenty years, *see Norman*, 836 F.2d at 1303, the Court finds the requested hourly rates are higher than those awarded to similarly situated attorneys within this District.  A survey of case law from the last five years demonstrates that courts have found hourly rates in the $500 to $700 range reasonable for similarly situated attorneys in comparable civil actions.[3]  Accordingly, the Court finds it appropriate to reduce Kaplan's hourly rate to $700 and Whaley's hourly rate to $550.

---

[3] *See, e.g.*, *Caldwell v. Seychelles Ltd., LLC*, No. 0:23-CV-61267, 2024 WL 4202125, at *2–3 (S.D. Fla. Aug. 16, 2024) (awarding hourly rates of $450 and $625 to attorneys in a dispute involving an injury on a boat); *Salerno v. TopDoc Clinics Miami, LLC*, No. 1:23-CV-23882-JAL, 2024 WL 2277794, at *7 (S.D. Fla. Apr. 30, 2024), *report and recommendation adopted*, No. 23-23882-CIV, 2024 WL 2273374 (S.D. Fla. May 20, 2024) (awarding hourly rates of $425 and $575 to attorneys in an intellectual property licensing dispute); *In re Gonzalez*, No. 20-MC-24628, 2023 WL 7461814, at *3–5 (S.D. Fla. Oct. 6, 2023), *appeal dismissed sub nom. Gonzalez v. Verfruco Foods, Inc.*, No. 23-13704, 2023 WL 8623437 (11th Cir. Dec. 13, 2023), *and aff'd*, No. 1:20-MC-24628, 2023 WL 9422463 (S.D. Fla. Dec. 21, 2023) (reducing the requested hourly rates from $850, $680, $650, and $535 to $700, $650, $550, and $500 respectively in the context of a § 1782 application); *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, No. 21-21373-CV, 2023 WL 5053985, at *1, *4, *6–7 (S.D. Fla. July 20, 2023), *report and recommendation adopted*, No. 21-CV-21373, 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023) (awarding hourly rates of $300, $500, and $700 to attorneys in a start-up company stock dispute); *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, No. 22-MC-20762, 2022 WL 17718802, at *4–5 (S.D. Fla. Nov. 30, 2022), *report and recommendation adopted*, No. 22-MC-20762, 2022 WL 17716483 (S.D. Fla. Dec. 15, 2022) (reducing the requested hourly rates from $1147.50, $988.13, $935, $796.88, $758.63, $531.25, and $312.38 to $850, $825, $850, $750, $700, $500, and $300 respectively on a motion to compel deposition testimony in a fraud and RICO dispute); *Davis v. Nationwide Ins. Co. of Am.*, No. 19-CV-80606, 2022 WL 2341238, at *2–4 (S.D. Fla. Jan. 28, 2022) (reducing the requested hourly rate from $900 to $600 in an insurance bad faith dispute); *Kleiman v. Wright*, No. 18-80176-CV, 2020 WL 1980601, at *3–4 (S.D. Fla. Mar. 17, 2020) (reducing the requested hourly rates from $1050, $900, $690, and $610 to $675, $500, $350, and $300 respectively in a protracted litigation over production of documents identifying bitcoin holdings).

Moving to the second step in the lodestar analysis, the Court must determine the number of hours reasonably expended on the litigation. *See Barnes*, 168 F.3d at 427. In doing so, the Court has a duty to exercise "billing judgment" if counsel has not, including by deducting redundant hours and hours billed for discrete and unsuccessful claims and by reducing excessive hours. *See Norman*, 836 F.2d at 1301–02; *Hensley*, 461 U.S. at 434, 437. If a court determines that the number of hours claimed is unreasonably high, it may either attempt to identify specific hours that should be eliminated or reduce the requested hours with an across-the-board cut. *See Bivins*, 548 F.3d at 1350; *Hensley*, 461 U.S. at 436–37.

After a review of the time entries attached to the affidavit, *see* ECF No. [170-1], the Court finds that the number of hours claimed should be reduced. In its order granting the Motion, the Court ordered Plaintiffs' counsel to detail the number of hours they spent on four specific categories of tasks: (1) "preparing the filings related to the Hearing," (2) "preparing for the Hearing itself," (3) "traveling to and from the Hearing," and (4) "attending the Hearing." *See* ECF No. [168] at 9. The Court ordered Plaintiffs' counsel to detail that information because those are the tasks for which the Court finds it appropriate to award attorney's fees. Kaplan's affidavit includes the required information, but it also includes time spent on tasks that fall outside of those four areas. As a result, the Court chooses to identify specific hours that should be eliminated instead of applying an across-the-board cut. *See Bivins*, 548 F.3d at 1350; *Hensley*, 461 U.S. at 436–37.

The Court finds that a total of 5.7 hours of Kaplan's time and 1.4 hours of Whaley's time were reasonably expended on the discovery dispute.[4] *See Barnes*, 168 F.3d at 427. Specifically, the Court finds that two time entries from November 13, 2024 fall within the first category

---

[4] The Court will not award fees for the time entries related to the meet and confer process because that process predates the four categories of tasks for which the Court finds it appropriate to award attorney's fees.

(preparing filings related to the Hearing): Kaplan's 0.3 hours conferring with Whaley about the Notice and Whaley's 0.8 hours working on the Notice and conferring with Kaplan about it. *See* ECF No. [170-1] at 2. The Court finds that three time entries from December 8, 2024 fall within the second category (preparing for the Hearing itself): Kaplan's 3.4 hours reviewing discovery responses and preparing for the Hearing; Whaley's 0.1 hour discussing the Hearing with Kaplan; and Whaley's 0.5 hour drafting, conferring with Kaplan about, and filing a response to Defendant's motion to appear remotely at or reschedule the Hearing. *See* ECF No. [170-1] at 2.

As to the final two categories (traveling to and from the Hearing and attending the Hearing), the Court finds that the time entries do not allow for a determination of precisely how many hours Plaintiffs' counsel spent on tasks that fall within those categories. First, none of the time entries specifically mention travel to or from the Hearing. *See* ECF No. [170-1] at 2. For that reason, the Court must use its own knowledge and experience to determine the proper amount of time to allocate for travel. *See Norman*, 836 F.2d at 1303. Given the distance between Plaintiffs' counsel's law firm office and the courthouse, the Court finds that one hour of travel time is reasonable.

Second, the only time entry that mentions attendance at the Hearing engages in the sin of block billing, meaning it includes several tasks, many of which are unrelated to attending the Hearing, including final preparation for the Hearing, post-Hearing follow up with Plaintiffs and Whaley, and deposition preparation. *See* ECF No. [170-1] at 2. Presumably, this entry also includes the time spent traveling to and from the hearing, but, as discussed above, the Court has already awarded a reasonable amount for travel time. Given that this time entry includes tasks unrelated to the Hearing and the Court has already awarded time for travel, the Court will not include the entire 4.2 hours of that time entry in the fee award. And because the narrative does not

indicate how much of the 4.2 hours was devoted to time spent in Court for the Hearing as opposed to Hearing preparation, post-hearing discussions or preparation for a deposition that is completely unrelated to the Hearing, the Court must use its own knowledge and experience to determine the proper amount of time to allocate for Hearing attendance.[5] *See Norman*, 836 F.2d at 1303. The Court's records indicate that the Hearing lasted one hour, *see* ECF No. [164], so the Court finds that one hour of Hearing attendance time is reasonable.

Adding up those time entries the Court deemed reasonably expended on the discovery dispute amounts to a total of 5.7 hours of Kaplan's time and 1.4 hours of Whaley's time. Multiplying those totals by the hourly rates the Court found to be reasonable equals $3,990 in attorney's fees for Kaplan's work (5.7 hours x $700 = $3,990) and $770 in attorney's fees for Whaley's work (1.4 hours x $550 = $770). That makes the lodestar a total of $4,760. *See Hensley*, 461 U.S. at 433; *Bivins*, 548 F.3d at 1350; *Barnes*, 168 F.3d at 427. And although the Court can adjust that fee amount upward or downward, *see Hensley*, 461 U.S. at 434, the Court finds that the lodestar is the reasonable sum the attorneys deserve. *See Bivins*, 548 F.3d at 1350 (noting that there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve).

### III.   CONCLUSION

Accordingly, the Court **AWARDS** Plaintiffs $4,760 under Rule 37(a)(5)(A). Defendant **SHALL** pay Plaintiffs $4,760 **no later than February 23, 2025**.

---

[5] While final Hearing preparation would fall into the second category of tasks for which the Court finds it appropriate to award attorney's fees, the Court will not award any time for that component of this entry because the Court has no way of determining how much of the 4.2 hours allotted to the entry was spent on Hearing preparation as opposed to other tasks unrelated to the Hearing, such as deposition preparation.

CASE NO. 23-CV-24868-ELFENBEIN

**DONE and ORDERED** in Chambers in Miami, Florida on January 22, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record